UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA,


        - against -                    **MEMORANDUM AND ORDER**

                                         11 Cr. 445 (NRB)
ROBERTO MARTINEZ,

                    Defendant.

------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


        Defendant Roberto Martinez, acting <u>pro se</u>, has requested
that this Court (1) modify his sentence; (2) correct a clerical
error appearing on his judgment and commitment order; (3) file,
<u>nunc pro tunc</u>, a document he previously submitted; and (4)
appoint appellate counsel to represent him.  For the reasons
stated below, Martinez's first and fourth requests are denied,
his second request is granted, and his third request is granted
in part and denied in part.

<u>**BACKGROUND**</u>

        In March of 2011, Martinez engaged in several discussions
with a confidential informant ("CI-1") in order to purchase a
large quantity of cocaine.  Before receiving the cocaine,
Martinez deposited $30,000 into a bank account chosen by CI-1.
On March 25, Martinez and CI-1 met in the afternoon at a

McDonald's near 10th Avenue and 34th Street and Martinez told CI-1 that he did not have the remaining $100,000 and she told him to return with it. Several hours later, Martinez returned to the McDonald's, brought CI-1 and a second confidential informant ("CI-2") to an SUV parked in the lot, and introduced them to the driver, his co-defendant Anthony Gonzalez. Gonzalez showed CI-1 the remaining money needed for the purchase. The confidential informants took Martinez to another car, where CI-1 handed Martinez a bag containing five kilograms of fake cocaine. After this transfer of the fake cocaine, federal law enforcement agents arrested Martinez.

Martinez was charged in a two-count indictment with (1) conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One); and (2) attempt to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count Two). Martinez subsequently pleaded guilty pursuant to a plea agreement to a lesser included offense, conspiracy to distribute or possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. This plea agreement included a waiver of Martinez's right to appeal or otherwise challenge his sentence if he received a sentence between or below 97 and 121 months (the "Stipulated Guidelines Range").

During his plea allocution, Martinez stated that he was satisfied with the advice and counsel of his lawyer, Apr. 11, 2012 Tr. 3:23-25, ECF No. 47, had signed, read, and reviewed the plea agreement with his lawyer, id. at 8:17-24, and understood that he had waived his right to challenge a sentence within the Stipulated Guidelines Range, id. at 10:10-14.

In advance of Martinez's sentencing, the probation department prepared a presentence investigation report (the "PSI"). The PSI stated that while agents arrested Martinez in the McDonald's parking lot, other officers approached co-defendant Gonzalez, who was sitting in an SUV nearby, and that Gonzalez did not obey the agents' request to exit the vehicle and instead "began to flee the scene" and, ignoring the agents' demand that he stop the car, "drove in the direction of two ICE-HSI agents," one of whom was injured trying to avoid being hit by the car. PSI ¶¶ 20-21. Martinez submitted numerous objections to the PSI, contending that the use of his aliases was prejudicial, that the descriptions of some of his prior crimes misstated certain facts, and that information struck from an earlier PSI by the late Judge Edward Weinfeld, who presided over an earlier case and died in 1988, should be similarly struck in this case.

Martinez's Guidelines calculation resulted in a Guidelines range of 108-135 months imprisonment.[1] Nonetheless, this Court sentenced Martinez to, _inter alia_, a below-Guidelines sentence of 90 months' imprisonment on September 18, 2012.[2] In explaining why this Court could not sentence Martinez to the 60-month mandatory minimum he requested, this Court noted that Martinez "ha[d] a record which is as long as any [the Court has] ever seen," Sept. 13, 2012 Tr. 11:20-22, and was an older offender who engaged in narcotics dealing within one year of his release from prison after serving a 35-year sentence that was subsequent to two prior sentences of five and three years, respectively. Further, this Court stated that the public required protection from further drug crimes.  In addition, we focused on the seriousness of the offense conduct, which included the fact that Martinez's co-defendant, Anthony Gonzalez, sped away from the scene of the drug transaction and thus "endanger[ed] the lives of agents and possibly, had it worked out another way, perhaps endangering the lives of totally innocent civilians." Sept. 13, 2012 Tr. 18:17-21.    Finally, this Court stated that those

---

[1] The parties, as noted _supra_, stipulated to a Guidelines range of 97 to 121 months, because they did not include the fact that Martinez committed the instant offense while on parole, increasing his Criminal History Category from II to III and, therefore, his Guidelines range.  To complete the Guidelines picture, Martinez received no criminal history points for his narcotics conspiracy conviction for which he received a sentence of five years and his attempted murder conviction for which he received a three-year sentence, because of the age of those convictions.

[2] On May 20, 2015, this Court reduced Martinez's sentence to 87 months pursuant to 18 U.S.C. § 3582(c)(2) as Amendment 782 to the Guidelines reduced Martinez's Guidelines range to 87-108 months' imprisonment.

portions of the PSI to which Martinez had objected played no role in determining his sentence given his criminal history and the offense conduct.

On September 20, 2012, Martinez mailed this Court a document titled "Notice of Appeal," but which explicitly stated that he did not object to the sentence imposed on him.  Rather, Martinez requested rulings on his objections to the pre-sentence investigation, as he believed the material he objected to would negatively impact the conditions of his incarceration.  In response, we mailed a copy of Martinez's request to the Probation Office, along with a page-and-a-half summary of his objections, and asked whether his designation would be impacted by the paragraphs to which he objected.

This Court sentenced Martinez's co-defendant Gonzalez on May 1, 2013.  Gonzalez had previously pleaded guilty pursuant to a plea agreement that stipulated that a two-level offense level increase was warranted as Gonzalez "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Government's Sentencing Submission, Ex. A at 2, ECF No. 70.  At sentencing, attorneys for the Government and Gonzalez discussed at length the circumstances under which Gonzalez left the scene of the crime.  While Gonzalez's lawyer conceded that an agent was injured during Gonzalez's escape from the scene of the

crime, and indeed, he could not have contended otherwise given the plea agreement his client had accepted, he maintained that Gonzalez did not intend to harm an agent.

On September 13, 2013, Martinez requested a copy of the transcript from the sentencing of his co-defendant in order to "expand [his] appeal [due] to the sentencing disparity" between Martinez, who received 90 months, and Gonzalez, who received 75 months.   This Court sent Martinez a copy of the requested transcript on September 20, 2013.

Two years later, on September 17, 2015, Martinez filed in this Court a brief in support of his "Notice of Appeal." Principally, Martinez alleges that this Court sentenced him in violation of his due process rights because we relied in part on materially false information in determining his custodial sentence.   According to Martinez, Gonzalez's submissions to the Court in advance of his sentencing conclusively demonstrated that Gonzalez's actions did not endanger the agents at the scene of the crime.   Martinez also contends that this Court should resentence him, as the fifteen month difference in the co-defendants' sentences amounts to an unwarranted disparity. Finally, Martinez requested, pursuant to Federal Rule of Criminal Procedure 36, that this Court correct a clerical error on the face of his order of judgment and commitment (the "J&C").

On December 16, 2015, the government filed a letter
opposing Martinez's request for resentencing.  On May 9, 2016,
Martinez filed a "Second Response to Government's Opposition."
Attached to this submission was a motion by Martinez, dated
March 24, 2016, requesting that his "Notice of Appeal" be filed
nunc pro tunc and requesting the appointment of "counsel to
represent [him] on appeal."  See Attachment to Second Response
to Gov't's Opp., ECF No. 86.

On June 27, 2016, Martinez filed a motion for expedited
rulings on his "pending motions filed in docket entries 82, 83
and 86."  Mot. for Expedited Rulings on Pending Motions, ECF No.
87.[3]

## DISCUSSION

## I.  Martinez's "Notice of Appeal"

Martinez argues that his September 20, 2012 submission
constitutes a timely appeal and that his subsequent submissions
filed in support of that submission are therefore timely.  This
assertion is completely misplaced.  While styled a "Notice of

---

[3] On September 16, this Court also received a copy of a Petition for a Writ of
Mandamus (the "Mandamus Petition") submitted by Martinez to the Court of
Appeals for the Second Circuit and dated September 13, 2016.  The Mandamus
Petition seeks an order from the Second Circuit directing this Court to (1)
"file [Martinez's] Notice of Appeal, of the district court's September 18,
2012 judgment of conviction, nunc pro tunc as of September 20, 2012"; (2)
"forward . . . the record on appeal to the appellate court so [his] direct
appeal may proceed"; and (3) rule on his motion to correct a clerical error
in his J&C under Rule 36.  As explained below, the Court is granting
Martinez's motion for correction of a clerical error in his J&C.  The Court
will also direct that his "Notice of Appeal" be filed and that the record be
forwarded.

Appeal," the letter we received shortly after sentencing Martinez did not challenge his conviction and explicitly stated that he considered his sentence "more th[a]n fa[ir]."[4]   Def.'s Reply Br., Ex. 1, ECF No. 86.   We therefore appropriately construed this document as a request for further information and asked the Probation Department if the allegedly incorrect facts in Martinez's PSI would affect his designation.[5]   The Court has been informed by the Probation Department that Martinez was designated to a Low Security facility.   Thus, the information in the PSI about his earlier arrests had no impact on his designation.

Regardless, Martinez waived any right he had to challenge alleged violations of Rule 32 when he signed his plea agreement, which included a waiver of such rights.   Federal Rule of Criminal Procedure 32(i)(3) requires that a sentencing court, "for any disputed portion of the presentence report or other controverted matter[,] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."   Agreements to forego challenges to a sentence

---

[4] Thus, while we, of course, have no issue with Martinez's request to docket his September 20, 2012 letter, we decline to do so nunc pro tunc since Martinez makes this request to support a claim that he timely filed a notice of appeal, something he clearly did not do.
[5] We note that most of the objections were to descriptions of other arrests of Martinez for which no criminal history points had been awarded, either because the cases had been dismissed or because insufficient information was available to Probation.

within or below a prescribed range cover claims of Rule 32(i)(3)
error.  United States v. Arevalo, 628 F.3d 93, 97 (2d Cir.
2010).  Such waivers are enforceable unless "the waiver was not
made knowingly, voluntarily, and competently, . . . the sentence
was imposed based on constitutionally impermissible factors,
such as ethnic, racial or other prohibited biases, . . . the
government breached the plea agreement, or . . . the sentencing
court failed to enunciate any rationale for the defendant's
sentence."  United States v. Gomez-Perez, 215 F.3d 315, 319 (2d
Cir. 2000) (citations omitted).  Martinez clearly acknowledged
at his plea that he had read and understood the agreement's
terms, including the waiver.  Such a waiver is knowing,
voluntary, and intelligent, and there is no allegation that this
Court sentenced Martinez based on a prohibited bias, that the
Government breached the plea agreement, or that this Court
failed to explain the reasons for the sentence imposed.
Therefore, this challenge is waived.

However, even if Martinez had not waived this challenge,
the Court complied with Rule 32(i)(3)(B)'s requirements.  At
sentencing, this Court stated that the disputed facts about
earlier arrests "really didn't affect" the Court "given the

incredible seriousness of the undisputed criminal history and the pled-to charge." Sept. 13, 2012 Tr. 19:18-21.[6]

## II.   September 17, 2015 Submission

In his September 17, 2015 submission, Martinez also requests resentencing based on this Court's alleged reliance on materially false information about his co-defendant and the alleged sentencing disparity. Martinez's submission invokes Federal Rule of Criminal Procedure 32, 18 U.S.C. § 3553(a), and due process as supporting his arguments for resentencing.   For the below reasons, we deny this motion.[7]

### A.   Martinez's Due Process and Rule 32 Arguments Are Procedurally Barred, Not Preserved, and/or Otherwise Unavailing

Martinez's due process argument fails because he did not object to the allegedly false information in the PSI and this

---

[6] Martinez also moves for appointment of appellate counsel.   Even if this request were properly before this Court, as Mr. Martinez has waived his right to appeal his conviction and sentence and has not raised any valid grounds for an appeal, this motion would be denied.

[7] Martinez's September 17, 2015 motion does not expressly invoke 28 U.S.C. § 2255, and a district court must take certain procedural precautions before recharacterizing a pro se inmate's submission as a 2255 motion.   Even if it were construed as a section 2255 motion, Martinez's submission would have to be denied as untimely, however.   A section 2255 motion must be made within one year of, in relevant part, the later of the date when judgment becomes final and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).   The judgment in this case was filed on September 18, 2012, and became final 14 days later, on October 2, 2012.   Martinez filed his petition on September 17, 2015 – well more than a year after the judgment became final. To the extent that his September 17, 2015 submission raises a sentencing disparity claim derived from the sentence received by his co-defendant, Martinez offers no explanation as to why he could not have timely filed this claim, as it is clear that the predicate information for the sentencing disparity claim was known to him, at the very latest, when he received the sentencing transcript from this Court, approximately two years before he raised this issue.

Court's reliance on that information was not plain error. "Due process requires (1) that a defendant not be sentenced based on materially false information; (2) that a defendant be given notice and an opportunity to contest the facts upon which the sentencing authority relies in imposing the sentence; and (3) that a defendant not be sentenced based on a material misapprehension of fact." Torres v. United States, 140 F.3d 392, 404 (2d Cir. 1998) (citations omitted).  Martinez contends that when this Court based his sentence in part on the dangerous nature of his co-defendant's flight from the scene of the crime, it did so based on materially false information.

Federal Rule of Criminal Procedure 32 "provides for focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences to ensure that a defendant is not sentenced on the basis of materially untrue statements or misinformation." United States v. Sisti, 91 F.3d 305, 310 (2d Cir. 1996) (internal quotation marks and citations omitted).  It does so by requiring that the probation officer disclose the PSI to the defendant and the defendant's attorney, providing the defendant an opportunity to object to the PSI's provisions, and allowing the defendant and defendant's attorney to address the court at sentencing. Fed. R. Crim. P. 32(e), (f), (i).  Further, as noted supra, for any disputed element of the PSI, the sentencing court must either "rule on the dispute

or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). However, "if a defendant fails to object to certain information in the presentence report, she is barred from contesting the sentencing court's reliance on that information, unless such reliance was plain error." United States v. Helmsley, 941 F.2d 71, 98 (2d Cir. 1991)

Martinez's claim is procedurally barred. While Martinez lodged numerous objections to the PSI at the time of his sentencing, he did not contest the accuracy of the PSI's description of his co-conspirator's flight. Further, there is clearly no error, plain or otherwise. Gonzalez pled to a two-level offense enhancement because he drove his vehicle in a reckless manner towards the law enforcement agents, one of whom was injured. Moreover, at Gonzalez's sentencing, his attorney conceded that Gonzalez's flight endangered the law enforcement agents on the scene, May 1, 2013 Tr. 29:2-3 ("I ultimately, of course, agree with the government that [Gonzalez] put the agents at risk no matter how you look at it."), which is exactly what this Court highlighted at Martinez's sentencing, see Sept. 13, 2012 Tr. 18:15-21 (taking into account the fact that Gonzalez "spe[d] away from the scene of the crime in midtown Manhattan, endangering the lives of agents"). Indeed, the dangerous nature

of Gonzalez's flight played a role in his sentencing as well.
<u>See</u> May 1, 2013 Tr. 45:8-10 (declining to impose 60 month
sentence requested by Gonzalez in part because "[i]t would not
recognize . . . the exposure of others to danger").

Martinez's related argument that this Court violated
Federal Rule of Criminal Procedure 32 by not disclosing that we
would rely on his co-conspirator's flight in Martinez's
sentencing is similarly unavailing.  The provision cited by
Martinez only requires that a sentencing court give the
defendant a written or in camera summary of material relied upon
during sentencing, and provide time for the defendant to
respond, when that material is "<u>excluded from the presentence
report</u>."  Fed. R. Crim. P. 32(i)(1)(B) (emphasis added).  Rule
32 contains no independent requirement that a sentencing court
summarize the specific material in the PSI it intends to rely on
during sentencing before imposing sentence.

**B.   Martinez's Unwarranted Disparity Argument Is Meritless**

While 18 U.S.C. § 3553(a)(6) requires that the district
court consider sentencing disparities nationwide, the sentencing
judge need not consider any alleged disparities between co-
defendants.  <u>See</u> <u>United States v. Frias</u>, 521 F.3d 229, 236 (2d
Cir. 2008).  Martinez contends that the Government and
Gonzalez's attorney agreed that both defendants were entitled to
the same sentence.  First, any attempted agreement as to the

appropriate sentence would be without effect: the district court alone decides the sentence, see 1A Fed. Prac. & Proc. Crim. § 180 (4th ed.) ("Of course, the parties cannot by their own agreement bind the court to a particular sentence . . . ."), a fact that Martinez acknowledged when he entered his guilty plea, see Apr. 11, 2012 Tr. 10:5-9 (stating that he understood that "the Court is [not] bound by the guideline stipulation [in Martinez's plea agreement] and that the sentence to be imposed upon you is determined solely by the Court"). Further, the documents cited by Martinez show no such agreement of any kind. Rather, Gonzalez argued that he should receive a lesser sentence than Martinez to avoid an unwarranted sentencing disparity, because, Gonzalez argued, Martinez played a more culpable role in the offense, had a more significant criminal history, and had shown himself more likely than Gonzalez to recidivate. See Sentencing Memorandum at 21, ECF No. 66. For all of the aforementioned reasons, Martinez is not entitled to resentencing on the basis of an alleged disparity in sentencing.

## III. Rule 36 Motion

Martinez also requests, without objection from the Government, that this Court issue an amended J&C to correct a clerical error in his judgment. Federal Rule of Criminal Procedure 36 provides, inter alia, that "the court may at any time correct a clerical error in a judgment." In the instant

14

case, Martinez pleaded guilty to one count of conspiracy to
distribute or possess with intent to distribute 500 grams or
more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1),
841(b)(1)(B), and 846. However, the J&C describes Martinez's
crime as "[p]ossess[ion] with intent to distribute 5 kg or more
of cocaine." Therefore, we issue an amended J&C simultaneously
with this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, Martinez's motion for
resentencing is denied, his motion for appointment of appellate
counsel is denied, and his Rule 36 motion is granted. The Clerk
of Court is respectfully requested to file Martinez's "Notice of
Appeal" dated September 20, 2012, and to forward the record to
the Court of Appeals. Pursuant to 28 U.S.C. § 1915(a)(3), it is
hereby certified that any appeal from this Memorandum and Order
would not be taken in good faith.

This Memorandum and Order closes docket nos. 82 and 87.

**SO ORDERED.**

DATED: New York, New York
October 24, 2016

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

15